```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        WESTERN DIVISION


JOHNEVERIC T. POWELL                                    PLAINTIFF

VS.                            CIVIL ACTION NO. 5:14-cv-115(DCB)(MTP)

ZURICH AMERICAN INSURANCE COMPANY                       DEFENDANT
```

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the defendant Zurich American Insurance Company ("Zurich")'s Motion for Summary Judgment **(docket entry 32)**.  Having carefully considered the motion and response, the memoranda and the applicable law, and being fully advised in the premises, the Court finds as follows:

In his Complaint, the plaintiff, Johneveric T. Powell ("Powell"), who is African-American, states that he brings this action

> ... under the provisions of 42 U.S.C. Sections 1981, and 1982, which prohibit intentional race discrimination in the making and enforcement of private contracts, and guarantee equal right[s] to make and enforce contracts, including contracts regarding the provision of workers' compensation insurance and benefits.  Section 1981 gives to Plaintiff the same rights to the full and equal benefit of all laws and proceedings for the security of persons and property, as is enjoyed by white citizens, and Section 1982 prohibits deprivation of Plaintiff's rights because of his race.

Complaint, ¶ 3.  The Complaint also alleges several state law claims: negligent infliction of emotional distress, intentional infliction of emotional distress, conspiracy with plaintiff's employer regarding termination of plaintiff's employment, fraud,

interference in employment relationship, bad faith, and breach of duty of fair dealing.  Complaint, ¶ 24 (c)-(I).  All of the state law claims have been voluntarily dismissed by the plaintiff. Plaintiff's Brief in Response to Defendant's Motion for Summary Judgment, p. 28 ("While denying that Defendant is entitled to Summary Judgment regarding Plaintiff's Section 1981 and 1982 claims, in the interest of judicial economy, Plaintiff confesses Defendant's Motion for Summary Judgment regarding the remaining claims asserted in Plaintiff's Complaint.").

Powell, a resident of the State of Mississippi, contracted coccidiodomycosis ("Valley Fever") at a job site in Southern California while working as a crew leader of a seismic crew for Geokinetics, Inc. ("Geokinetics").  Zurich provided workers' compensation insurance to Geokinetics.  The plaintiff made a claim for workers' compensation benefits under the Workers' Compensation Act ("WCA") of California.  He has received indemnity and medical benefits under California law, and his claim is still pending before the California Workers' Compensation Appeals Board ("WCAB").

The Ninth Circuit Court of Appeals has noted that California law vests exclusive jurisdiction over benefit claims in the California WCAB.  Goetz v. Aetna Casualty and Surety Co., 710 F.2d 561, 563 (9th Cir. 1983).  However, in Unruh v. Truck Insurance Exchange, 498 P.2d 1063 (1972), "the California Supreme Court recognized an exception to the exclusive jurisdiction established

by statute where an employer's insurance carrier intentionally engages in outrageous and extreme conduct which cannot be justified by the needs of normal investigation or defense of claims." Goetz, 710 F.2d at 564-65 (citing Unruh).  In Unruh, the plaintiff alleged that the insurer's investigator had made romantic overtures to her for the sole purpose of arranging dates during which his colleague could surreptitiously film the plaintiff performing acts beyond her normal physical capabilities." Id. at 565 (citing Unruh).

Powell alleges no such extreme or outrageous conduct in this case.  Instead, he alleges that Zurich's "team manager," Nick Lardie, asked the plaintiff why African-Americans were more susceptible than others to Valley Fever, and told the plaintiff that before he could approve payments to the plaintiff he "had to understand more about Valley Fever."  Complaint, ¶ 13.  The plaintiff's claims amount to no more than wrongful refusal to pay claims, which California law does not recognize as an exception to the exclusive jurisdiction statute.

Apparently to avoid the exclusivity bar, the plaintiff has boiled his case down to two claims: 42 U.S.C. § 1981, which provides that all persons within the jurisdiction of the United States shall have the same right in every State to make and enforce contracts, to sue, to be parties, to give evidence, and to enjoy the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens,

3

and shall be subject to the same punishment, penalties, and taxes (see Ungureanu v. A. Teichert & Son, 2011 WL 4862425, *9 (E.D. Calif. Oct. 13, 2011)); and 42 U.S.C. § 1982, which prohibits a defendant from denying the plaintiff the opportunity to "rent or purchase certain property or housing" on account of the plaintiff's race (see Atwal v. Lawrence Livermore National Security, LLC, 2012 WL 525534, *3 (N.D. Calif. Feb. 16, 2012). Powell's Complaint does not pertain to real property or housing of any kind, thus this claim is without merit.

As for the plaintiff's § 1981 claim, he must show (1) that he is a member of a racial minority, (2) that the defendant had intent to discriminate on the basis of race, and (3) that the discrimination concerned one or more of the activities enumerated in the statute. Arguello v. Conoco, Inc., 330 F.3d 355, 358 (5th Cir.), cert. denied, 124 S.Ct. 567 (2003). Although the insurance carrier's agent expressed reservations concerning the prevalence of Valley Fever among African-Americans, the plaintiff has not pled any evidence to show that he was subject to discrimination, nor that he lost any contract rights as a result thereof. The plaintiff has also failed to offer, or point to, any evidence which shows that he was entitled to receive additional benefits from the defendant. Finally, the plaintiff has failed to show that he has exhausted his administrative remedies.

Rule 56 of the Federal Rules of Civil Procedure authorizes

summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed.R.Civ.P. 56(c). Taking all allegations in the Complaint and in the plaintiff's brief as true, the plaintiff has failed to show that there is any genuine issue for a trial under 42 U.S.C. § 1981 or § 1982. The defendant is therefore entitled to judgment as a matter of law.

Accordingly,

IT IS HEREBY ORDERED that the defendant Zurich American Insurance Company's Motion for Summary Judgment **(docket entry 32)** is GRANTED.

A final judgment shall be entered of even date herewith.

SO ORDERED, this the 25th day of January, 2016.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE